

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED
IN OPEN COURT

AUG 2 0 2025

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 2:25-cr-99 |
| | ) | |
| VLADYSLAV FITSAK, | ) | 18 U.S.C. § 1349 |
| | ) | Conspiracy to Commit Wire Fraud |
| Defendant. | ) | (Count 1) |
| | ) | |
| | ) | 18 U.S.C. §§ 1343 and 2 |
| | ) | Wire Fraud |
| | ) | (Count 2) |
| | ) | |
| | ) | 18 U.S.C. §§ 1344 and 2 |
| | ) | Bank Fraud |
| | ) | (Counts 3-6) |
| | ) | |
| | ) | 18 U.S.C. §§ 981(a)(1)(C), |
| | ) | 982(a)(2)(A), & 28 U.S.C. § 2461(c) |
| | ) | Criminal Forfeiture |

**INDICTMENT**

**August 2025 Term -- At Norfolk, Virginia**

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment, unless otherwise stated:

**GENERAL ALLEGATIONS**

1.    There is no record of a "James Vituschi" with a DOB 06/16/1984 in the Polish

citizen records, nor is there a record of Passport Identification Number: KF6076781 being issued

to any such individual.

2.    VLADYSLAV FITSAK ("FITSAK"), the defendant herein, and others known and

unknown, created and registered TYC Motor Cargo LLC, a limited liability company, with the

Commonwealth of Virginia. It was formed on February 14, 2023, and the principal office address

is listed at an apartment in Virginia, Beach, Virginia ("the Virginia Beach Residence"). The entity was currently listed as "inactive" as of July 1, 2023.

3.      FITSAK and others known and unknown, created and registered TCR Motor Cargo LLC, a limited liability company, with in the Commonwealth of Virginia. It was formed on February 15, 2023, and the principal office address is listed at the Virginia Beach Residence. The entity was currently listed as "inactive" as of July 1, 2023.

4.      M.E.H. is a contractor residing in Arkansas whose company installs underground utility pipes.

5.      In or about April 2023, M.E.H. observed an advertisement on Facebook Marketplace that contained a link to a website for a company purporting to sell construction equipment. M.E.H. also spoke with an individual who claimed to be a company representative.

6.      M.E.H. agreed to purchase an excavator from the company and received an invoice from company "N.I.C." for $99,986.

7.      N.I.C.'s address listed on the invoice belonged to a legitimate heavy equipment and tool rental business in Staten Island, New York. The invoice also included the name of a legitimate employee who worked for the New York business.

8.      In response to the invoice, on or about April 19, 2023, M.E.H. wired $99,986 from an Arvest Bank account ending in -1852 to the JPMorgan Chase Bank business checking account ending in -5261 in the name of "TYC Motor Cargo LLC" in Virginia Beach, Virginia. M.E.H. never received the excavator.

9.      Arvest Bank is located in Arkansas.

10.     JPMorgan Chase Bank is headquartered in New York City and has branches in 48 states throughout the United States. JPMorgan Chase Bank's "Ghent Branch" is located at 777 W

2

21st Street, Norfolk, Virginia 23517. JP Morgan Chase Bank's "Downtown Norfolk Branch" is located at 150 Granby Street, Norfolk, Virginia 23510.

11.     PNC Bank is headquartered in Pittsburgh, Pennsylvania and has branches in 27 states throughout the United States. PNC Bank's "Little Neck Branch" is located at 3397 Virginia Beach Boulevard, Virginia Beach, Virginia 23452.

12.     Arvest Bank, JPMorgan Chase Bank, Wells Fargo Bank, Truist Bank, and PNC Bank are "financial institution[s]" as defined in 18 U.S.C. § 20, 18 U.S.C. § 1957(c)(6), and 31 U.S.C. §5312(a)(2).

13.     Arvest Bank, JPMorgan Chase Bank, Wells Fargo Bank, Truist Bank, and PNC Bank are insured by the Federal Deposit Insurance Corporation (FDIC).

14.     An "e-withdrawal" at JPMorgan Chase Bank is a withdrawal that takes place at a branch location, but instead of providing a withdrawal slip to a bank teller, a customer can use their debit card and PIN to facilitate the transaction. A bank teller ultimately physically provides the customer with the funds withdrawn. This process allows for withdrawing larger amounts of cash than would otherwise be accessible using an Automated Teller Machine (ATM).

15.     On or about April 20, 2023, the defendant conducted a $33,000 e-withdrawal from a JPMorgan Chase Bank in Norfolk, Virginia.

16.     On or about April 21, 2023, the defendant conducted a $35,000 e-withdrawal from a JPMorgan Chase Bank in Norfolk, Virginia.

17.     In or about April 2023, R.S. observed an advertisement for a car on Facebook Marketplace that contained a link to a dealership website. R.S. spoke with multiple individuals claiming to be associated with the dealership.

18. R.S. agreed to purchase the car and on or about April 26, 2023, wired $31,995 to the PNC Bank business checking account ending in -0831 in the name of "TYC Motor Cargo LLC." R.S. never received the car.

19. R.S. later determined that the link on the Facebook Marketplace advertisement was associated with an address that had belonged to a legitimate car dealership that had gone out of business.

**COUNT ONE**
(Conspiracy to Commit Wire Fraud)

20. The General Allegations of this Indictment are re-alleged and incorporated as if fully set forth fully herein.

21. Beginning in at least as early as March 2023 through at least in or about May 2023, in the Eastern District of Virginia and elsewhere, VLADYSLAV FITSAK, the defendant herein, and others known and unknown, knowingly and intentionally combined, conspired, confederated and agreed to commit wire fraud. To wit, the defendant and others known and unknown, having devised a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures, and sounds for the purpose of execution of such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE SCHEME, ARTIFICE AND CONSPIRACY**

22. The purpose of the conspiracy was for the conspirators to personally profit by defrauding unwitting victims into sending money to purchase things and items the conspirators fraudulently purported to sell and have available for purchase

4

## WAYS, MANNER, AND MEANS OF THE SCHEME, ARTIFICE AND CONSPIRACY

23.    The ways, manner, and means by which FITSAK and others known and unknown sought to accomplish the conspiracy included, but were not limited to, the following:

24.    FITSAK and others known and unknown created TYC Motor Cargo LLC in Virginia.

25.    FITSAK and others known and unknown created TCR Motor Cargo LLC in Virginia.

26.    On or about March 14, 2023, FITSAK used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a business checking account ending in -5261 at JPMorgan Chase Bank in Norfolk, Virginia, in the name of TYC Motor Cargo LLC.

27.    On or about March 14, 2023, FITSAK used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a business checking account ending in -0831 at PNC Bank in Virginia Beach, Virginia, in the name of TYC Motor Cargo LLC.

28.    On or about March 16, 2023, FITSAK used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a business checking account ending in -6634 at Wells Fargo Bank in Virginia Beach, Virginia, in the name of TCR Motor Cargo LLC.

29.    On or about March 14, 2023, FITSAK used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a business checking account ending in -0787 at Truist Bank in Virginia Beach, Virginia, in the name of TYC Motor Cargo LLC.

30.    The conspirators created materially false and fraudulent online advertisements for items and things for sale.

31.    The conspirators directed unwitting victims to wire money to the fraudulently opened bank accounts.

        a.    The conspirators directed an employee of P.M., a Virginia resident, to wire a payment of $25,486 to the business checking account ending in -6634 at Wells Fargo Bank for heavy equipment that was falsely advertised online as being available and for sale.

        b.    The conspirators directed M.E.H., to wire a payment of $99,986 to the business checking account ending in -5261 at JPMorgan Chase for heavy equipment that was falsely advertised online as being available and for sale.

        c.    The conspirators directed J.C., an Alabama resident, to wire a payment of $24,072 to the business checking account ending in -5261 at JPMorgan Chase for a vehicle that was falsely advertised online as being available and for sale.

        d.    The conspirators directed S.S., a Connecticut resident, to wire a payment of $30,000 to the business checking account ending in -0787 at Truist Bank for a vehicle that was falsely advertised online as being available and for sale.

        e.    The conspirators directed R.S., a Tennessee resident, to wire a payment of $31,995 to the business checking account ending in -0831 at PNC Bank for a vehicle that was falsely advertised online as being available and for sale.

    f.  The conspirators directed J.S., a Tennessee resident, to wire a payment of $25,000 to the business checking account ending in -5261 at JPMorgan Chase for a vehicle that was falsely advertised online as being available and for sale.

    g.  The conspirators directed M.H., a West Virginia resident, to wire a payment of $24,976 to the business checking account ending in -0831 at PNC Bank for heavy equipment that was falsely advertised online as being available and for sale.

    h.  The conspirators directed M.D., a Louisiana resident, to wire a payment of $37,000 to the business checking account ending in -0831 at PNC Bank for a vehicle that was false advertised online as being available and for sale.

    i.  The conspirators directed S.L., a New Hampshire resident, to wire a payment of $10,000 to the business checking account ending in -0787 at Truist Bank for a vehicle that was falsely advertised online as being available and for sale.

32.    FITSAK withdrew money sent to the fraudulently opened bank accounts to benefit the conspiracy and conspirators.

33.    FITSAK and others known and unknown financially benefitted from the fraud.

(In violation of Title 18, United States Code, Sections 1349 and 1343.)

## COUNT TWO
(Wire Fraud)

34.    The General Allegations and preceding paragraphs related to Count One of this Indictment are re-alleged and incorporated as if fully set forth fully herein.

35.    On or about the date set forth below, in the Eastern District of Virginia and elsewhere, for the purpose of executing the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, the defendant VLADYSLAV FITSAK, the defendant herein, and others known and unknown, knowingly transmitted and caused to be transmitted by means of a wire communication in interstate commerce certain writings, signs, signals, pictures and sounds, as follows, and aided and abetted the same:

| Count | On Or About Date of Wire | Item Wired |
|---|---|---|
| TWO | April 18, 2023 | Wire payment of $99,986 by M.E.H. from Arvest Bank account ending in -1852 to the business checking account ending in -5261 at JPMorgan Chase for construction equipment that was falsely advertised online as being available and for sale. |

(In violation of Title 18, United States Code, Sections 1343 and 2.)

## COUNTS THREE-SIX
(Bank Fraud)

36.     The General Allegations and preceding paragraphs related to Count One of this

Indictment are re-alleged and incorporated as if fully set forth fully herein.

37.     On or about the dates and in the manner set forth below, VLADYSLAV FITSAK,

the defendant herein, and others known and unknown, aided and abetted by one another and others,

did knowingly and intentionally for the purpose of executing the aforesaid scheme and artifice to

defraud and to obtain moneys, funds, credits, assets, securities owned by and under the custody

and control of the following financial institutions, each of which qualifies as a financial institution

as defined under Title 18, United States Code, Section 20, by means of materially false and

fraudulent pretenses, representations, and promises, and attempted to do so, identified below:

| Count | Date | Financial Institution | Description/Purpose of Transaction |
|---|---|---|---|
| THREE | March 14, 2023 | JP Morgan Chase Bank | Defendant used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a business checking account ending in -5261 in Norfolk |
| FOUR | March 14, 2023 | PNC Bank | Defendant used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a business checking account ending in -0831 in Virginia Beach |
| FIVE | March 14, 2023 | Truist Bank | Defendant used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a |

|  |  |  | business checking account ending in -0787 in Virginia Beach |
|---|---|---|---|
| SIX | March 16, 2023 | Wells Fargo Bank | Defendant used a fraudulent Polish passport bearing the name "James Vituschi"; DOB 6/16/1984; and Passport Identification Number: KF6076781 to open a business checking account ending in -6634 in Virginia Beach |

(All in violation of Title 18, United States Code, Sections 1344 and 2.)

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.      The defendant, VLADYSLAV FITSAK, if convicted of either of the violations alleged in Counts One and Two of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2.      The defendant, VLADYSLAV FITSAK, if convicted of any of the violations alleged in Counts Three through Six of this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

3.      If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and the Federal Rule of Criminal Procedure 32.2(e).

            (In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and
            982(a)(2)(A); and Title 28, United States Code, Section 2461(c)).

11

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office

*United States v. Vladyslav Fitsak*
Criminal No. 2:25-cr-99

ERIK S. SIEBERT
UNITED STATES ATTORNEY

By: _____
Kristen S. Taylor
Assistant United States Attorney
United States Attorneys' Office
101 W. Main Street, Suite 800
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: Kristen.taylor2@usdoj.gov